(C.D. 3808)

E. DILLINGHAM, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided April 29, 1969)

*Preston C. Carlisle* for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The above case has been submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between Counsel for the Plaintiff and the Assistant Attorney General for the United States of America, subject to the approval of the Court, that the protest against the liquidation of Entry No. 0–01757 entered at Alexandria Bay on April 4, 1964, and liquidated April 4, 1966, under item 661.10, TSUS, was duly and timely filed with the collector of customs at the Port of Ogdensburg, New York, on June 2, 1966.

IT IS FURTHER STIPULATED AND AGREED that this merchandise consisting of two forage blowers and nine forage boxes is claimed to be properly classifiable as farm equipment products in item 666.00, tariff schedules of the United States as amended and entitled to free entry. This is by virtue of the fact that the blower is chiefly used for loading grain into a grain silo and also used for blowing straw and field cured, chopped, dry hay. In addition it can be used in conjunction with a feed hopper or feed tables. The forage blower consists basically of a metal housing containing a six bladed fan. At the top of the housing is an opening of about Twenty-one inches in diameter through which with the aid of variouss types of piping attachments the grain or other farm product is blown.

IT IS FURTHER STIPULATED AND AGREED that the said appeals for reappraisement [sic] may be deemed to be submitted for decision upon this stipulation.

Accepting the foregoing stipulation, we find and hold that the involved merchandise consists of two forage blowers and nine forage boxes. Therefore the claim in the protest that said merchandise is properly free of duty under the provisions of item 666.00, Tariff Schedules of the United States, is sustained.

Judgment will be entered accordingly.